UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Haljoubey Dunlap,<br><br>*Defendant.* | **Protective Order**<br><br>23-CR-197 (PAE) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has and will continue to make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of this material may be designated as "Disclosure Material" which is material that may (1) affect the privacy and confidentiality of individuals and entities; and (2) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Materials to be produced by the Government and which contain Disclosure Material may be designated as "Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Disclosure Material."

2. **Sealed Material.** Certain of this material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives,

persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Materials to be produced by the Government and which contain Sealed Material may be designated as "Sealed Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Sealed Material." The Government's designation of material as Sealed Material will be controlling absent contrary order of the Court. Any material designated as Sealed Material shall also be deemed Disclosure Material.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Disclosure Material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material or Sealed Material on any Internet site or network site[1] to which persons other

---

[1] This does not prohibit counsel for the defendant from using secure private web services, such as "Drop Box," to store Disclosure Material or Sealed Material, provided that the only people with access to such services are those authorized herein to receive Disclosure Material or Sealed Material, or to transfer such material to such authorized recipients.

than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

6. Disclosure Material that is not Sealed Material may be disclosed by counsel to: (a) the defendant for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

7. Sealed Material may be disclosed by counsel to the defendant and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sealed Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible; and shall not be copied or otherwise recorded by the defendant.

8. In the event of any dispute as to the Government's designation of particular material as Disclosure Material or Sealed Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Disclosure Material or Sealed Material designation of the disputed material. Absent a contrary order of this Court, the Government's designation of material as Sensitive Disclosure Material shall be controlling.

9. The Government may authorize, in writing, disclosure of Disclosure Material and Sealed Material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

11. This Order places no restriction on the defendant's use or disclosure of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

10. Except for Disclosure Material or Sealed Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material or Sealed Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.  This provision does not apply to any Disclosure Material, Sealed Material or ESI that belongs to the defendant.  Notwithstanding the foregoing, the defense shall not be required to return, destroy, or delete any disclosure material to the extent such return, destruction, or deletion would conflict with any applicable professional or ethical obligation or responsibility of the defense.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material, Sealed Material or the

Government's ESI production.  All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

### Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ Aline R. Flodr                             Date: 4/22/2023
Aline R. Flodr
Assistant United States Attorney


/s/ Martin Cohen                                   Date: 4/22/2023
Martin Cohen, Esq.
Counsel for Haljoubey Dunlap


SO ORDERED:
Dated:  New York, New York
            April 24, 2023

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE